UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRANDON HARRIS,<br><br>           Plaintiff,<br>   v.<br><br>JFC INTERNATIONAL INC., et al.,<br><br>           Defendants. | CASE NO. 21-CV-01536-LK<br><br>ORDER DENYING STIPULATED MOTION |

   This matter comes before the Court on the parties' Stipulated Motion to Allow Taking of Video Recorded Trial Testimony Past the Discovery Completion Deadline. Dkt. No. 32. As the title of their motion suggests, the parties wish to conduct video recorded perpetuation depositions after the May 19, 2023 discovery cutoff. *Id.* at 1. They contend that presentation of this recorded testimony at trial will save time and cut costs. *Id.* The parties further suggest that such depositions may be unnecessary if mediation proves successful. *Id.* However, because mediation is just now being scheduled, they request permission "to take and preserve video trial testimony until at least September 6, 2023." *Id.* at 2.

ORDER DENYING STIPULATED MOTION - 1

The parties' request implicates Federal Rules of Civil Procedure 16 and 32. And it fails under both. "Perpetuation depositions—also known as *de bene esse* depositions—preserve testimony for use at trial where the witness may be unavailable to attend trial." *Holen v. Jozic*, No. C17-1147-JLR, 2018 WL 4518699, at *1 (W.D. Wash. Sept. 20, 2018). The parties must show good cause under Rule 16(b)(4) to extend the May 19, 2023 discovery deadline if they wish to conduct perpetuation depositions beyond that date. They have not done so. The good cause standard is met when the current deadlines "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (cleaned up). Here, the parties do not contend that the witnesses at issue cannot be deposed before May 19th despite their diligence. They instead argue that a schedule modification will allow them to avoid the costs associated with video depositions should mediation prove successful. That is not the test. The Court therefore cannot find the requisite good cause to modify its pretrial schedule.

Nor would the perpetuation depositions be permitted at trial based on the scant information the parties provide in their motion. A party may use a deposition at trial "for any purpose" if the Court finds that the witness is dead; the witness is "more than 100 miles from the place of hearing or trial or is outside the United States"; the witness is unable to testify at trial "because of age, illness, infirmity, or imprisonment"; the offering party could not procure the witness's attendance by subpoena; or "exceptional circumstances make it desirable—in the interest of justice and with due regard to the importance of live testimony in open court—to permit the deposition to be used." Fed. R. Civ. P. 32(a)(4). The parties make no effort to identify the witnesses who will testify through perpetuation depositions or explain why the use of that testimony at trial will meet one of Rule 32(a)(4)'s predicate circumstances. To the extent they suggest that their desire to save time and money qualifies as "exceptional circumstances," the Court does not agree. The "exceptional

circumstances" requirement is a "stringent standard" that applies when live testimony from the deponent is impossible or highly impracticable. *Waller v. Mann*, No. C17-1626-RSL, 2021 WL 2531008, at *2 (W.D. Wash. June 21, 2021) (collecting cases and explaining why retired expert was not "unavailable" to testify); *compare Holen*, 2018 WL 4518699, at *1–2 (allowing perpetuation depositions of five medical experts who were located outside of Seattle given the "significant expense" associated with their hourly rate and travel). Moreover, to the extent any witnesses will have difficulty appearing in person at trial, Federal Rule of Civil Procedure 43(a) permits testimony over a platform such as Zoom "[f]or good cause in compelling circumstances and with appropriate safeguards."

The parties' stipulated motion is DENIED without prejudice to renew should they wish to supply the requisite good cause for a schedule modification and explain why the perpetuation depositions will satisfy Rule 32(a)(4).

Dated this 4th day of May, 2023.

Lauren King
United States District Judge